UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIM K. GORSAGE,　　　　　　　　　　　　　CASE NO.: 8:21-CV-1359

    PLAINTIFF,

V.

AMERICA & BEYOND LLC.

    DEFENDANT.

_____

# COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, KIM K. GORSAGE, (hereinafter referred to as "the Plaintiff"), by and through her undersigned counsel and sues the Defendants, AMERICA & BEYOND LLC (hereinafter collectively referred to as "Defendant"), and states as follows:

## INTRODUCTION

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq (hereinafter, "the FLSA"), the Florida Minimum Wage Act "FMWA", Fla. Stat. Ch. 448.110, and Florida Private Sector Whistleblower's Act "FWA", Fla. Stat. Ch. 448.101-.105.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The venue is proper in the Middle District of Florida because the Defendants employed the Plaintiff in Sarasota County, Florida as a remote worker at her home in Sarasota

County, Florida. Further, Defendant is an online retailer who provided goods to customers in Florida.

4. The Defendant is a Michigan Limited Liability Company and at all times material hereto was and is engaged in interstate commerce throughout the United States. Further, Defendant ships good and products from India to direct customers, wholesalers, and retailers in the Middle District of Florida.

5. The Plaintiff performed work constituting engagement in interstate or foreign commerce, or the production of goods for interstate commerce and/or a closely related process or occupation directly essential to such production.

6. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. The annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the FLSA's and FMWA's requirements apply.

8. The Plaintiff has retained the Malatesta Law Office to represent her in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## GENERAL ALLEGATIONS

9. From June 24, 2021 to April 22, 2021, the Defendant violated the provisions of 29 U.S.C. §§ 207(a) of the FLSA by failing to pay the Plaintiff overtime.

10. The Plaintiff was paid a salary of $30,000 annually or $576.92 per week during the relevant period.

11. The Plaintiff was employed as a customer service representative.

12. The Plaintiff consistently worked a 12 – 14 hour work day, seven days per week in her position.

13. The Plaintiff was not eligible for an exemption under the FLSA.

14. The Plaintiff's salary did not cover her minimum wages or overtime wages under Florida Law.

## COUNT I: VIOLATION OF THE FLORIDA MINIMUM WAGE ACT

15. Plaintiff realleges Paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. Pursuant to Article X, Section 24 of the Florida Constitution, Defendant was required to pay Plaintiff at least the applicable Florida minimum wage for her hours worked.

17. Plaintiff worked hours for the Defendants for which she was paid below the FMWA statutory minimum wage.

18. As a direct and proximate result of Defendants' violation of the FMWA, Plaintiff is entitled to liquidated damages pursuant to the FMWA.

19. Plaintiff estimates she worked approximately 12 – 14 -hours per day, seven days per week between June 24, 2020 and April 22, 2021.

20. Plaintiff estimates this averaged out to 91 hours per week during the relevant time period.

21. Actual records of such time are within the custody and control of the Defendant.

22. Plaintiff sent a written demand for minimum wages and overtime damages on May 12, 2021 pursuant to Chapter 448.110, *Florida Statutes.* A true and accurate copy is attached as Exhibit A.

23. The Defendants willfully violated the FMWA.

24. Plaintiff is entitled to liquidated damages.

**WHEREFORE**, the Plaintiff, KIM K. GORSAGE, demands judgment in his favor and against the Defendant, against AMERICA & BEYOND LLC for statutory remedies, damages, and relief as follows:

a) Declaring that the Defendants, violated the minimum wage provisions of Florida Minimum Wage Act

b) Awarding Plaintiff minimum wages of $11,348.64.

c) Awarding Plaintiff liquidated damages of $11,348.64.

d) Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to §448.08, *Florida Statutes*.

e) Awarding Plaintiff post-judgment interest; and

f) Ordering any other and further relief this Court deems to be just and proper.

## COUNT II: VIOLATION OF 29 U.S.C. § 207 (OVERTIME)

25. Plaintiff realleges Paragraphs 1 through 14 of this Complaint as if fully set forth herein.

26. During Plaintiff's employment, she worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours.

27. The actual amount of overtime owed shall fluctuate based upon the number of hours worked each week.

28. Records, if any, concerning the number of overtime hours worked, the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

29. Plaintiff estimates that she worked an average of 91 hours during her time working with the Defendant.

30. The Defendants willfully violated the FLSA.

31. Plaintiff is entitled to liquidated damages.

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount of $6,892.64;

c. Awarding Plaintiff liquidated damages in the amount of $6,892.64;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

### COUNT III: VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLEBLOWER'S ACT "FWA"

32. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 14, as set forth above.

33. Section 448.103, Florida Statutes, provides a cause of action for any employee who has been the object of a retaliatory personnel action for objecting to or refusing to participate in any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation. *See* Florida Statutes § 448.102 - 448.103.

34. In September of 2020, Ravi Dang, Operations Manager, was forced to return to India because he did not have a current visa to work in the United States of America.

35. The Plaintiff was temporarily relocated to

36. On March 23, 2021, the Plaintiff was working with Natashka Manthen, Director of Sales, with the Defendant. During their conversation, Ms. Manthen demanded the Plaintiff marry Ravi Dang so that he may return to work in the United States.

37. The Plaintiff objected to this request and refused to commit marriage fraud for the purposes of immigration. Marrying for the sole purpose of securing a visa is a violation of 18 U.S.C. 1001.

38. As a direct result of Plaintiff's objections to, or refusals to participate in, such activities, policies, or practices which were in actual violation of one or more laws, rules, and regulations, Defendant took retaliatory personnel action against her as defined by the Act, in that it terminated Plaintiff's employment.

39. As a result of this retaliatory action by the Defendant, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, KIM K. GORSAGE, demands judgment in her favor and against the Defendant, against AMERICA & BEYOND LLC for statutory remedies, damages, and relief as follows:

(a) compensatory damages for lost wages, benefits, and any other applicable remuneration;

(b) other compensatory and punitive damages as permitted by law;

(c) Reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position or front pay;

(d) Plaintiff's attorneys' fees and costs of this action, pursuant to Florida Statutes Section 448.104;

(e) injunctive relief prohibiting any further retaliatory action as provided under Florida Statutes § 448.103(2)(a); and

(f) any other such relief this Court deems just and proper.

## JURY DEMAND

40. The Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: June 4th, 2021

        Respectfully submitted,

By: /s/ Frank M. Malatesta, Esq.
**FRANK M. MALATESTA, ESQUIRE**
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256 - 3812
Facsimile No.: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*